IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OLIVIA LEBRON,

Plaintiff,

v.

ITEC (INFORMATION TECHNOLOGY ENGINEERING LLC), *et al.*,

Defendants.

CIVIL ACTION NO.
1:26-cv-02654-MLB-RDC

**ORDER**

Plaintiff Olivia Lebron, proceeding *pro se*, alleges that she was unlawfully discriminated and retaliated against by her former employer, Defendant Information Technology Engineering LLC ("ITEC") and its affiliates, Defendants ManpowerGroup Public Sector, Inc. and Experis US, Inc. The undersigned previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP") and permitted her to file an amended complaint after her original complaint failed a frivolity review for lack of factual sufficiency. (Doc. 3). Plaintiff has now filed an amended complaint, (Doc. 4), but appears to have inadvertently failed to attach a statement of facts.

A court holds *pro se* pleadings to a less stringent standard than pleadings drafted by attorneys, and accordingly, such pleadings are liberally construed. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Even so, *pro se* litigants are required to

conform to procedural rules, including the pleading requirements of the Federal Rules of Civil Procedure. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); Fed. R. Civ. P. 8(a), 10. The leniency provided to *pro se* filings does not allow a court to serve as de facto counsel for the plaintiff or to rewrite a deficient complaint to state a viable claim. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

The issue here is that Plaintiff has not submitted allegations for the undersigned to review. While her "Complaint for Employment Discrimination" form references an "attached Statement of Facts," no such statement is included with her filing. (Doc. 4 at 5). The only attached documents are Plaintiff's right-to-sue letter and copies of the two charges she filed with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 7, 12–35). Plaintiff's EEOC charge and related documents serve to support her factual allegations, but cannot be used to replace them entirely. *See Koger v. Texaco, Inc.,* No. 4:04-CV-205-JEC, 2007 U.S. Dist. LEXIS 22238, *23 (N.D. Ga. Mar. 28, 2007) (explaining that a "plaintiff may not use her EEOC charge as a substitute for a formal complaint"); *Standridge v. Walmart Store 1122*, No. 2:18-CV-00130-RWS-JCF, 2018 U.S. Dist. LEXIS 249488, *2-3 (N.D. Ga. Oct. 9, 2018) (ordering the plaintiff to file an amended complaint when he included his EEOC documents but did not submit a complaint).

Even though she is proceeding *pro se*, Plaintiff must still meet the pleading requirements of the Federal Rules of Civil Procedure. And this Court need not sift through her attachments and serve as de facto counsel by creating a statement of her

claims. *See Campbell*, 760 F.3d at 1168-69. The undersigned will therefore grant Plaintiff **one final opportunity** to file an amended complaint, this time including her statement of facts.

The Court **DIRECTS** the Clerk's Office to send Plaintiff a copy via first-class mail of the "Complaint for a Civil Case" or "Pro Se 1" form (the "Complaint Form"), an electronic copy of which is available on the website for the United States Courts at https://www.uscourts.gov/forms/civil-pro-se-forms. Use of the Complaint Form helps plaintiffs organize their claims, and it allows the Court to screen those claims effectively.

Using the Complaint Form, Plaintiff is **ORDERED** to file an amended complaint within **FOURTEEN (14) DAYS** of the entry of this Order, complying with these instructions:

(1) Plaintiff must caption the filing as an "Amended Complaint" to be filed in **Civil Action File No. 1:26-cv-02654-MLB-RDC**.

(2) Plaintiff should complete the Complaint Form as fully as possible and provide a brief factual background with facts relevant to each claim. Plaintiff is advised to be clear and concise. That said, Plaintiff should attach additional pages as needed to fully describe the **names, dates, and events** supporting each claim.

(3) Plaintiff must separately assert each cause of action. Plaintiff should also clearly identify the nature of the claims, the actors involved (using names

and/or titles), what happened (describing incidents and events), and when the operative events occurred (using precise dates, if available). A timeline of events relevant to each claim may be helpful for all parties. Legal argument and citations to case law are not necessary and should not be included.

(4) Plaintiff must also attach to her amended complaint a copy of the charge of discrimination she filed with the EEOC and a copy of the right-to-sue letter she received from the EEOC.

Plaintiff is **ADVISED** that the Amended Complaint will supersede her current pleadings, so the Amended Complaint should include all claims Plaintiff wishes to bring against Defendant(s). Later attempts to raise more claims are reviewed under a different set of rules that are more restrictive.

Plaintiff is **FURTHER ADVISED** that failure to file a timely Amended Complaint complying with these instructions will result in a recommendation that the District Judge dismiss this civil action. *See Marshall v. Aryan Unlimited Staffing Sol./Faneuil Inc./MacAndrews Holding*, 599 F. App'x 896, 898 (11th Cir. 2015) (stating that a district court "is not required to permit amendment if, *inter alia*, 'there has been . . . repeated failure to cure deficiencies by amendments previously allowed'" (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)). Also, Plaintiff **MUST** keep the Clerk and Defendant(s) updated with current address and telephone contact information. Failure to do so may result in dismissal of the case. The Clerk is

**DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

IT IS SO **ORDERED** on this 9th day of June 2026.

R. Cannon

REGINA D. CANNON
United States Magistrate Judge