# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

__________ Division

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 24 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

| | | |
|---|---|---|
| Olivia Lebron<br><br>Plaintiff(s)<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | Case No. 1:26-cv-02654-MLB-RDC<br>*(to be filled in by the Clerk's Office)* |
| -v- | ) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| ITEC (Information Technology Engineering LLC),<br>Experis US, Inc.,<br>ManpowerGroup Public Sector, Inc.<br><br>Defendant(s)<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | Amended |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Olivia Lebron |
| Street Address | 100 Hamilton Court |
| City and County | Marietta, Cobb County |
| State and Zip Code | Georgia 30068 |
| Telephone Number | (770)866-0633 |
| E-mail Address | olivia.lebron@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | ITEC (Information Technology Engineering LLC) |
| Job or Title *(if known)* | |
| Street Address | 5995 Greenwood Plaza Blvd, Suite 225 |
| City and County | Greenwood Village, Arapahoe County |
| State and Zip Code | CO 80111 |
| Telephone Number | (303) 694-2616 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Experis US, Inc. |
| Job or Title *(if known)* | |
| Street Address | 100 Manpower Place |
| City and County | Milwaukee, Milwaukee County |
| State and Zip Code | WI 53212 |
| Telephone Number | (414) 231-1138 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | ManpowerGroup Public Sector, Inc. |
| Job or Title *(if known)* | |
| Street Address | 6400 Arlington Blvd, Floor 3 |
| City and County | Falls Church, Fairfax County |
| State and Zip Code | VA 22042 |
| Telephone Number | (703) 351-2400 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | ITEC (Information Technology Engineering LLC) (WFH - Remote) |
| Street Address | 1945 Powers Ferry Rd SE Unit 319 |
| City and County | Atlanta, Cobb County |
| State and Zip Code | GA 30339 |
| Telephone Number | (770) 866-0633 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Other federal law *(specify the federal law)*:

Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.; 42 U.S.C. § 1981

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☑ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts *(specify)*: Selective enforcement, investigatory escalation, and interference

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

February 26, 2024 through May 27, 2025

C. I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☑ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☑ race Asian/Hispanic
- ☐ color
- ☐ gender/sex
- ☐ religion
- ☑ national origin Korean/Puerto Rican
- ☐ age *(year of birth)* ______ *(only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*

  ADA/FMLA-related medical conditions

E. The facts of my case are as follows. Attach additional pages if needed.

AMENDED COMPLAINT: See attached Statement of Facts. Plaintiff alleges discrimination, retaliation, unequal terms and conditions of employment, failure to accommodate, selective enforcement, investigatory escalation, and interference with protected ADA/FMLA leave and accommodation processes. Plaintiff further alleges that similarly situated white employees were treated more favorably under materially similar circumstances. Plaintiff attaches copies of the EEOC Charge of Discrimination and Notice of Right to Sue in support of this Amended Complaint.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

July 14, 2025

B. The Equal Employment Opportunity Commission *(check one)*:

- ☐ has not issued a Notice of Right to Sue letter.
- ☑ issued a Notice of Right to Sue letter, which I received on *(date)* 02/11/2026 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

- ☐ 60 days or more have elapsed.
- ☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff seeks back pay, front pay, lost wages and benefits, compensatory damages, emotional distress damages, damages related to disruption of healthcare coverage and continuity of medical care, punitive damages as permitted by law, costs, and any additional relief deemed appropriate by the Court.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 6/24/24

Signature of Plaintiff [signature]

Printed Name of Plaintiff Olivia Lebron

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**OLIVIA LEBRON**, Plaintiff,

v.

**ITEC (INFORMATION TECHNOLOGY ENGINEERING LLC), EXPERIS US, INC., and MANPOWERGROUP PUBLIC SECTOR, INC.**, Defendants.

Civil Action No. 1:26-cv-02654-MLB-RDC

**JURY TRIAL DEMANDED**

## PLAINTIFF'S AMENDED STATEMENT OF FACTS

1. Plaintiff Olivia Lebron is a resident of Marietta, Georgia.
2. Plaintiff is a multiracial woman of Asian and Hispanic descent and an individual with a disability.
3. Plaintiff began employment on February 26, 2024 as a Technical Recruiter supporting government-contract recruiting operations.
4. Prior to hire, Plaintiff disclosed the existence of Mollitiam Alliance LLC to hiring manager Michelle Strother.
5. The LLC was created in 2023 as part of a government-contract curriculum and professional-development program.
6. Plaintiff was offered employment after the disclosure.
7. During Plaintiff's first week of employment, Plaintiff again discussed the LLC and government contracting with Michelle Strother.
8. Plaintiff was not informed that the LLC constituted a conflict of interest.
9. Plaintiff remained employed for more than one year without discipline, corrective action, or notice that the LLC violated policy.
10. Plaintiff alleges leadership changed multiple times during her employment and the organization underwent restructuring.
11. Plaintiff was the only multiracial minority recruiter on her immediate team.
12. Plaintiff alleges similarly situated Caucasian recruiters received more favorable recruiting opportunities and requisition assignments.
13. Plaintiff repeatedly raised concerns regarding unequal treatment and recruiting opportunities.

14. Plaintiff submitted complaints through management, Human Resources, and Ethics channels.
15. Plaintiff took approved disability-related leave from July 12, 2024 through September 25, 2024.
16. Plaintiff took approved disability-related leave again from January 27, 2025 through March 24, 2025.
17. Plaintiff alleges the need for leave was related to ongoing workplace stress, discrimination concerns, and treatment experienced during employment.
18. Following return from leave, Plaintiff experienced increased isolation, diminished communication, and reduced opportunities.
19. On April 8, 2025, Plaintiff submitted a complaint regarding inequitable requisition assignments and recruiting opportunities.
20. Plaintiff provided supporting data and examples regarding those concerns.
21. On April 18, 2025, Plaintiff requested a reasonable accommodation.
22. Plaintiff alleges Defendants failed to complete the interactive process before termination.
23. During the accommodation process, Plaintiff learned that a revised job description was being developed.
24. Plaintiff believed the revised job description materially differed from the position for which she had been hired.
25. Plaintiff objected to the revised job description.
26. Plaintiff raised concerns regarding privacy and confidentiality in the accommodation process.
27. Plaintiff requested removal of Samantha Strawsburg and Julie Hoffmann from the accommodation process and requested neutral review.
28. Plaintiff alleges those concerns were not adequately addressed.
29. Plaintiff maintained active Human Resources and Ethics complaints during April and May 2025.
30. Plaintiff repeatedly requested updates regarding those complaints.
31. Plaintiff alleges meaningful resolution was not provided.
32. Plaintiff sought leave under the Family and Medical Leave Act.
33. On May 12, 2025, Plaintiff submitted a written communication raising concerns regarding organizational stability, leadership changes, governance issues, and the future direction of ITEC.
34. Plaintiff's concerns included publicly available corporate filings and organizational uncertainty.
35. On May 13, 2025, Arijeta Bajrami contacted Plaintiff regarding an investigation.
36. Plaintiff believed the contact related to her pending complaints.

37. Plaintiff was not informed on May 13, 2025 that she was the subject of the investigation.
38. Plaintiff requested written communications or a recorded discussion to preserve accuracy.
39. Plaintiff alleges those requests were denied.
40. On May 15, 2025, Plaintiff discovered her access had been disabled.
41. Plaintiff initially believed the issue was technical and sought assistance.
42. Plaintiff was thereafter placed on paid administrative leave.
43. Plaintiff alleges she was informed the matter involved security concerns.
44. Plaintiff has alleged she never held an active Department of Defense security clearance.
45. Plaintiff requested clarification regarding the allegations and investigation.
46. Plaintiff alleges substantive explanations were not provided prior to termination.
47. Plaintiff informed Defendants that the LLC had been disclosed before hire and remained dormant.
48. Plaintiff informed Defendants the LLC had not engaged in recruiting activity or competed with Defendants.
49. Plaintiff alleges the LLC was not treated as a conflict under prior leadership.
50. Plaintiff alleges the LLC only became an issue after leadership changes and organizational restructuring.
51. Plaintiff identifies a comparator who allegedly maintained an active recruiting LLC while employed in the same recruiting organization.
52. Plaintiff alleges the comparator held the same Technical Recruiter title, shared leadership, and supported similar recruiting efforts.
53. Plaintiff alleges the comparator was not subjected to the same investigation, administrative leave, or termination.
54. Plaintiff received approval for FMLA leave on or about May 21, 2025.
55. Plaintiff's accommodation request remained unresolved at that time.
56. Plaintiff's approved FMLA leave was never utilized because Plaintiff's employment was terminated shortly thereafter.
57. Plaintiff alleges Defendants interfered with her ability to utilize approved leave.
58. Plaintiff alleges Defendants hindered completion of the ADA accommodation process.
59. Steve Kletzok communicated Plaintiff's termination by telephone and email.
60. Plaintiff's termination notice was not signed.
61. Plaintiff alleges Defendants later provided differing and inconsistent explanations for the termination decision.
62. Plaintiff alleges explanations provided in connection with unemployment proceedings differed from explanations provided elsewhere.

63. Plaintiff continued receiving leave-related communications after termination, including communications concerning previously approved leave.

64. Plaintiff alleges these events raise questions regarding coordination of leave and termination processes.

65. Plaintiff suffered loss of wages, benefits, employment opportunities, emotional distress, and other damages.

Respectfully submitted,

Olivia Lebron
Plaintiff, Pro Se

Olivia Lebron

6/24/26